IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA SUE STERRETT,                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No. 17-63-E
                                   )
NANCY A. BERRYHILL, ACTING         )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
        Defendant.                 )

O R D E R

AND NOW, this 20th day of March, 2018, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1] The Court notes that Plaintiff only seeks review of the denial of her claim for supplemental security income benefits.

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to base his residual functional capacity ("RFC") assessment on competent evidence by relying on Plaintiff's Global Assessment of Functioning ("GAF") evidence when he should have ordered a consultative examination; (2) mischaracterizing the evidence upon which he based Plaintiff's RFC, when he should have relied on a medical opinion in formulating her RFC; and (3) failing to consider properly Plaintiff's subjective complaints. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

The Court will address Plaintiff's first two claims together because her second argument is simply an extension of her first argument. Plaintiff contends first that the ALJ failed to base her RFC on competent evidence because he improperly relied on Plaintiff's GAF evidence, when he should have ordered a consultative examination. In a continuation of that argument, Plaintiff claims that the ALJ thus erred in evaluating the evidence of record (in particular, his consideration of Plaintiff's GAF evidence), and in determining Plaintiff's RFC without relying on a specific medical opinion.

At the outset, the Court notes that Plaintiff's argument is based on a mistaken understanding of the decision issued by the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), in Callahan v. Colvin, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), and in various other more recent decisions, the Doak opinion does not hold that an ALJ's RFC findings must be based on a specific medical opinion. Rather, the Court of Appeals in Doak simply held that nothing in that particular record supported the ALJ's finding that the plaintiff in that case could perform light work. The Court of Appeals never suggested that a finding of ability to perform a certain type of work could only be made if an opinion in the record clearly stated that the claimant could perform such work.

Moreover, the interpretation of Doak advocated by Plaintiff would contradict the well-established rule that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "There is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). In fact, the Circuit Court in Titterington clearly noted that "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Accordingly, Doak does not prohibit the ALJ from making an RFC assessment if no doctor has specifically made the same findings. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create

2

a new rule that an RFC determination must be based on a specific medical opinion. This general understanding is confirmed by subsequent Third Circuit case law. See Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

Furthermore, an RFC is properly based on all of the relevant evidence in the case record. See 20 C.F.R. § 416.945. An ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. See 20 C.F.R. § 416.946(c). Therefore, the ALJ is not required to rely only on a particular physician's opinion, and the RFC finding is actually an administrative—rather than a medical—determination. See SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). In fact, although ALJs often rely on physicians' opinions, "the regulations do not require ALJs to seek outside expert assistance." See Chandler, 667 F.3d at 362. Thus, in this case, the ALJ was not required to solicit a new medical opinion on which to base his RFC. Moreover, the ALJ was not required specifically to order a consultative examination, as that decision is within the ALJ's discretion. See 20 C.F.R. § 416.919a(b). The duty to develop the record does not require such an examination unless Plaintiff establishes that such an examination is necessary to enable the ALJ to reach a decision. See 20 C.F.R. §§ 416.917, .919, .919a. Here, as further discussed infra, the Court finds that the ALJ had sufficient evidence upon which to rely in assessing Plaintiff's capabilities.

In connection with this argument, Plaintiff also objects to the ALJ's consideration of, and reliance upon, evidence of her GAF scores in formulating her RFC. Plaintiff makes a point of explaining that she is not arguing that the ALJ could not consider her GAF score evidence in assessing her RFC. Instead she contends that her GAF scores were the only "medical opinions" given great weight by the ALJ, and that no other competent medical opinion evidence supports the ALJ's RFC, nor do the treatment notes. (Doc. No. 10, at 11-12). The Court disagrees. First, the Court notes that, as discussed supra, the ALJ was not required to rely on a particular physician's opinion in formulating his RFC. Second, the ALJ did not improperly consider the GAF scores as opinion evidence, and the Court finds that those scores are supported by the corresponding treatment notes from Safe Harbor Behavioral Health. See Hundley v. Colvin, No. 16-153, 2016 WL 6647913, at *4 (W.D. Pa. Nov. 10, 2016) (noting that the Social Security Administration allows ALJs to use GAF ratings as opinion evidence, but those scores are not dispositive of impairment severity and are not given controlling weight unless they are well-supported and not inconsistent with other evidence). The ALJ discussed Plaintiff's GAF scores along with her mental health treatment notes from Safe Harbor. (R. 24). The ALJ summarized the various treatment notes sequentially and noted that the records reflect "incremental improvement on a fairly consistent basis" as her evaluations and GAF scores gradually improved over time. (R. 24). Then, in reaching his conclusions, the ALJ noted that the record contained no medical opinions consistent with a finding of disability, and that the GAF scores in the record reflecting only moderate symptoms were "accorded great weight as they are consistent with the underlying treatment notes reflecting incremental improvement and are well within the [RFC]." (R. 25). Finally, the ALJ did not solely rely on the GAF scores, but ultimately concluded that the RFC "is supported by the longitudinal evidence of record as a whole, the global assessment of functioning ratings by Safe Harbor, and partially the opinion of the state agency psychologist." (R. 25). Thus, the Court finds no merit in Plaintiff's contention that the ALJ erred in relying on

3

Plaintiff's GAF scores, along with the other evidence of record which he thoroughly discussed, in formulating Plaintiff's RFC.

As a side note, Plaintiff comments that the only other "opinion evidence" in the record was that of state agency reviewing psychologist Emanuel Schnepp, Ph.D. (R. 12). Although she argues that the ALJ was required to base his RFC on a particular physician opinion, Plaintiff apparently agrees that it was appropriate that the ALJ gave Dr. Schnepp's opinion only "some" weight because most of the mental health treatment records were received after the date of his opinion. The Court further clarifies that the ALJ appropriately considered Dr. Schnepp's opinion, which found Plaintiff to have moderate limitations in maintaining social functioning and moderate limitations in maintaining concentration, persistence, or pace. (R. 68-69, 71-74). In fact, the regulations require an ALJ to consider the opinion of state agency psychologists because they are highly qualified and experts in Social Security disability evaluation. See 20 C.F.R. § 416.927(e); Chandler, 667 F.3d at 361. Additionally, the Social Security regulations "impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it," and it is for the ALJ to assess whether the subsequent medical evidence impacts the persuasiveness of an opinion. Chandler, 667 F.3d 356, 361 (citing SSR 96-6p). Thus, the Court finds that substantial evidence supports the ALJ's evaluation of the opinion of Dr. Schnepp, and the ALJ's ultimate RFC determination, which reasonably combined aspects of Dr. Schnepp's opinion with the later-acquired evidence regarding Plaintiff's treatment.

Lastly, Plaintiff asserts that the ALJ also erred in evaluating her credibility. In support of this contention, Plaintiff argues that the ALJ failed to consider properly her subjective complaints regarding her limitations, including her limited activities of daily living. The Court finds, however, that the ALJ did in fact adequately consider Plaintiff's testimony, including her subjective complaints—and ultimately accounted for the limitations resulting from her impairments—in forming her RFC.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. § 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. § 416.929(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). In the ALJ's decision here, after examining Plaintiff's medical treatment and subjective complaints in connection with her alleged impairments, the ALJ ultimately found that such evidence simply did not fully support the limitations she alleges.

Specifically, Plaintiff claims that the ALJ erred in overlooking her testimony regarding her limitations. Plaintiff argues that the ALJ improperly relied on the activities of daily living that the evidence shows she is able to do, while ignoring the evidence of what she claims she

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

---

cannot do. In fact, the ALJ discussed the evidence of record thoroughly, along with Plaintiff's own statements in connection with her alleged impairments, which he found simply did not substantiate her claims of disabling symptoms. Thus, Plaintiff claims that the ALJ "purported to consider Plaintiff's daily activities by noting that she takes care of her children, drives and goes out shopping," but that he "failed to acknowledge that the Plaintiff testified that there are days on end where she does not leave the home, that she does not shop or go to the laundromat, and that she has poor concentration." (Doc. No. 10, at 18-19). The Court notes that, citing to the evidence of record, the ALJ did note in his decision that Plaintiff takes care of her children and pets, is independent in matters of personal care, prepares meals a few times per week, performs basic household chores, drives, goes out alone, goes shopping in stores for necessities, reads and visits social networking sites on the computer. (R. 21). The Court further notes, however, that Plaintiff is incorrect in contending that the ALJ failed to acknowledge her testimony regarding her limitations in activities of daily living. In fact, the ALJ clearly explained that Plaintiff testified that she does not like to leave her home, has mood swings, is sometimes mad at "everyone," feels stressed being around other people, and has concentration difficulties. (R. 21-22). Accordingly, the ALJ appropriately found that Plaintiff has moderate difficulties in social functioning and moderate difficulties with regard to concentration, persistence, and pace, and tailored his RFC to accommodate those precise limitations. (R. 21-23). Upon substantial review of all the evidence of record, the ALJ simply found that the evidence as a whole did not support the extreme limitations that Plaintiff alleges.

Thus, the ALJ found that Plaintiff has a number of severe impairments, including major depressive disorder, bipolar disorder, panic disorder with agoraphobia, anxiety disorder, mood disorder, and borderline personality disorder. (R. 19). Nevertheless, the ALJ also found, after careful consideration of all the evidence, that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for the reasons he provided in his decision. (R. 23). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely credible.

In sum, the ALJ properly considered the relevant evidence in the record, including the GAF evidence, he thoroughly discussed the basis for his RFC finding, and he did not err in not ordering a consultative examination. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's RFC assessment. Finally, the Court finds that the ALJ did not err in assessing Plaintiff's credibility. Accordingly, the Court affirms.

5

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record